J-S25005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE MANSELL | : | |
| | : | |
| Appellant | : | No. 1998 EDA 2020 |

Appeal from the Judgment of Sentence Entered September 18, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001715-2016

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                Filed: September 23, 2021

Appellant, Tyree Mansell, appeals from the judgment of sentence of 4-8 years' incarceration, imposed after his term of probation was revoked following his guilty plea to a new offense.  Herein, Appellant argues the lower court abused its discretion by failing to order a pre-sentence investigation ("PSI") report, and by ordering the violation of probation ("VOP") sentence to run consecutive to the sentence imposed for the new offense.  After careful review, we vacate Appellant's sentence and remand for resentencing.

The VOP court provided the following summary of the facts and procedural history of this case in its Pa.R.A.P. 1925(a) opinion:

> On March 20, 2019[,] at approximately 5:10 a.m., [A]ppellant was driving his vehicle at a high rate of speed.  He swerved around a vehicle that was stopped at a red light and continued into the intersection.  He then crashed into the driver's side of a vehicle

---

[*] Retired Senior Judge assigned to the Superior Court.

being driven by Ms. Monica Fiorentino McGibboney. After the crash, he got out of his vehicle and attempted to flee the scene on foot. Ms. McGibboney died as a result of injuries sustained during the crash. Appellant's driver's license was suspended at the time of the accident. He was subsequently arrested and charged under docket number 1667-19 and he pleaded guilty to Accidents Resulting in Death, Homicide by Vehicle, and Driving with a Suspended License. On September 18, 2020, he was sentenced in accordance with his plea agreement to 5 to 10 years' incarceration.

His guilty plea constituted a violation of his probation and parole … under docket number 1715-16, in which he pleaded guilty to burglary and conspiracy. In that case, [A]ppellant and five other people entered a home. All of them were brandishing guns. They zip tied nine (9) people inside the house, and proceeded to threaten and rob them. The perpetrators hit at least one victim with a gun, and all of the victims, which included a minor and a baby, had guns pointed in their faces. Appellant pleaded guilty to burglary and conspiracy and was sentenced to 11½ to 23 months['] incarceration for his crimes. On September 18, 2020, the court sentenced him to 4 to 8 years' incarceration for the violation of his probation and parole.

Appellant thereafter filed a Notice of Appeal on October 15, 2020.

VOP Court Opinion ("VCO"), 2/22/21, at 1-2.

Appellant filed a timely, court-ordered Rule 1925(b) statement, and the VOP court issued its Rule 1925(a) opinion on February 22, 2021. Appellant now presents the following questions for our review:

I. Whether the [trial c]ourt abused its discretion when it failed to order a [PSI report] before sentencing [Appellant] to a term of incarceration of [4-8] years[' incarceration] on a violation of probation.

II. Whether the trial court abused its discretion by sentencing … Appellant to [4-8] years[' incarceration] for a violation of probation consecutive to the negotiated sentence before the [c]ourt.

Appellant's Brief at 3.

Appellant first claims that the VOP court abused its discretion by sentencing him without the benefit of a PSI report, arguing that the VOP court failed to place adequate reasons on the record for dispensing with that report. We must first address our jurisdiction to entertain this claim. *See* ***Commonwealth v. Flowers***, 950 A.2d 330, 331 (Pa. Super. 2008) ("[A] claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing of which a defendant's right to appellate review is exceptionally limited.").

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1)

inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912-13.

As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id.*

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

Here, Appellant filed a timely notice of appeal, and he provided a Rule 2119(f) statement in his brief. He also preserved his claim below in a post-sentence motion. *See* Motion to Modify and Reduce Sentence, 9/25/20, at 2 ¶ 9. Additionally, we conclude that Appellant raises a substantial question for our review. *See Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (stating that an "allegation that the trial court imposed [the appellant's] sentence without … stating adequate reasons for dispensing with a [PSI] report raises a substantial question") (cleaned up). Accordingly, we will address the merits of Appellant's first claim.

The Pennsylvania Rules of Criminal Procedure vest a sentencing judge with the discretion to order a [PSI report] as an aid in imposing an individualized sentence. Specifically, Pa.R.Crim.P. 702 provides, in relevant part, the following:

**702. Aids in Imposing Sentence**

**(A) Pre-sentence Investigation Report**

(1) The sentencing judge may, in the judge's discretion, order a [PSI] report in any case.

(2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:

(a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes[.]

Pa.R.Crim.P. 702(A)(1),(2)(a) (bold in original).[3]

[3] This Court has held that Pa.R.Crim.P. 702 is applicable to sentences imposed following the revocation of probation. *See Kelly*, *supra*.

As this Court has held:

The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background…. The court must exercise 'the utmost care in sentence determination' if the defendant is subject to a term of incarceration of one year or more[.]

To assure that the trial court imposes sentence in consideration of both 'the particular circumstances of the offense and the character of the defendant,' our Supreme Court has specified the minimum content of a PSI report. The 'essential and adequate' elements of a PSI report include all of the following:

(A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;

(B) a full description of any prior criminal record of the offender;

(C) a description of the educational background of the offender;

(D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F) the offender's medical history and, if desirable, a psychological or psychiatric report;

(G) information about environments to which the offender might return or to which he could be sent should probation be granted;

(H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation;

(J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

[While case law does not] require that the trial court order a [PSI] report under all circumstances, the cases do appear to restrict the court's discretion to dispense with a PSI report to circumstances where the necessary information is provided by another source. Our cases establish, as well, that the court must be apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it.

*Commonwealth v. Goggins*, 748 A.2d 721, 728[-29] (Pa. Super. 2000) (*en banc*) (citations, quotation, and quotation marks omitted). *See Kelly*, *supra*.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725–26 (Pa. Super. 2013)

(some brackets in original).

In the case *sub judice*, the VOP court stated that it had

reviewed all of the information contained in the court file. This includes the facts of the home invasion case, a Violation of Probation/Parole Summary Form, the recommendation of Appellant's probation officer, and numerous impact statements from both Appellant's family and friends, and the family and friends of Ms. McGibboney. Further, Appellant was given the chance to speak at the sentencing hearing in order to apprise the court of any additional information that he wanted the court to consider prior to rendering his sentence. Thus, the court had ample information to consider when it determined that the situation properly called for a four[-]to[-]eight[-]year sentence. In addition, the court notes that neither [A]ppellant nor his attorney ever requested that a PSI be completed prior to sentencing. Accordingly, the court finds that [A]ppellant[] … was properly sentenced to four to eight years' incarceration for this offense.

VCO at 8.

Appellant argues that:

In its 1925([a]) opinion[,] the [c]ourt argued that it had sufficient information regarding … Appellant because it reviewed the affidavit of probable cause from the underlying case of Burglary, the violation of probation summary form/recommendation of the probation officer, and because it reviewed the victim impact statements submitted by friends and family of the victim of the new vehicular homicide charges. In … **Flowers**, … the Superior Court wrote that "merely restating the seriousness of the underlying offense and confirming [Appellant's] violation of his probation... offers no effective substitute for a PSI report." [**Flowers**,] 950 A.2d at 334. Similar[] to this case, the trial [c]ourt in **Flowers** declined to order a presentence investigation or state its reasons for failing to do so on the record, citing instead to the notes of hearing wherein the [c]ourt recounts having previously sentenced Mr. Flowers in the original case and then enumerates the violations, including a recitation of the new offenses, before sentencing Mr. Flowers to four to ten years' incarceration. **See id.** Unlike the [trial c]ourt in **Flowers**, the [VOP c]ourt in [Appellant]'s case does not have a background knowledge of [Appellant] or any of the circumstances surrounding his offense or his character, having never sentenced him before, nor having reviewed documents beyond the charging documents

for the underlying offense and the recommendations of the Adult Probation Office.

Appellant's Brief at 8-9.

Appellant also directs our attention to the fact that the VOP court repeatedly expressed its disbelief and anger during the sentencing hearing regarding the length of the original sentence imposed in the home invasion case for which Appellant violated his probation by committing the homicide-by-vehicle offense. *Id.* at 9-10. Indeed, at sentencing, the VOP court stated:

> I will tell you guys. I'm appalled at what the District Attorney's Office did on that case. Tell whoever it is, I think it might have been Chris Miller. I don't know who because it's a case where nine people were tied up, zip-tied, kids, guns pointed in their faces [*sic*]. He did that when he was a young man; 20. That's a state sentence. If he had gotten the sentence that he should have got on that case, Monica would be alive. So that's my frustration as an outsider looking at this. That's my anger because we can all call this case an accident, but the case that you had before was serious where you terrorized people at gunpoint, six people with nine victims including a baby and that's something that I would not have accepted the plea agreement of 11 and a half months on that case. That's why I periodically get mad. I don't know what the problems were in the case. I don't know.
>
> ***
>
> I don't know why they did what they did. Probably because he was a young man, and sometimes we have a young man that does a horrifically stupid thing. We say we don't want to send him to state because then they become a hardened criminal. That might have been the theory behind why on a case of a home invasion with people pistol whipped and a baby having guns pointed in their faces and six defendants and nine victims, that normally gets a seven year sentence not 11 and a half months.

N.T., 9/18/20, at 15-16.

Appellant further argues that:

> Had the [VOP c]ourt sought out a previously rendered [PSI report], perhaps there would have been fewer questions about why the sentence imposed originally in the case was structured the way that it was. The court neither reviewed a previous [PSI report], nor did it order a new one, nor did it conduct a "sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of records, as well as the defendant's personal history and background[.]" []**Goggins**[,] 748 A.2d … at 728…. Counsel for [] Appellant had to correct the sentencing court as to a mistake of age at the time of the September 18th[,] 2020 hearing; it seems the [c]ourt believed … Appellant to be 21 at the time of the hearing, rather than 24. []N.T.[,] 9/18/20[, at] 26[]. The youth of [] Appellant at time of sentencing, as made apparent by the sentencing court's mistake, as well as the possible imposition of over a year of incarceration, and the fact that [] Appellant had never been before this sentencing judge previously, indicating a lack of prior knowledge of the background and character of … Appellant, all point to the necessity of ordering a [PSI report] before imposing sentence.

Appellant's Brief at 9-10.

Appellant also contends that exercising his right to allocution was no "substitute for the review of a properly conducted presentence investigation report[,]" and that Rule 702 places no obligation on a defendant to request a PSI report. **Id.** at 10. Appellant states that this "Court has made it clear where the responsibility lies, and to shift it from the sentencing judge to the defendant neither reflects the language of the rule or the rulings of" **Goggins** and **Flowers**. **Id.** In sum, he asserts that his sentence constitutes an abuse of discretion because the VOP court failed

> to order a new [PSI report], or to seek out the review of a previously ordered one, or to conduct a sufficient inquiry on the record to inform the court of [Appellant]'s character and circumstances involved in the prior offense, or to put on the record the reasons for dispensing with a [PSI report] when imposing a

new sentence of over a year for a violation of … Appellant's probation.

*Id.* at 11.

We agree with Appellant that the VOP court abused its discretion by imposing sentence without the benefit of a PSI report under the circumstances of this case. First, although Rule 702(A)(1) grants a sentencing court discretion to order a PSI report, Rule 702(A)(1)(2) nevertheless dictates that the court "**shall** place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a [PSI] report in any of the following instances: (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes…." Pa.R.Crim.P. 702(A)(1)(2) (emphasis added). It is undisputed that the condition of Rule 702(A)(1)(2)(a) applied in this instance, yet the VOP court failed to place on the record at sentencing any reasons for dispensing with a PSI report. Moreover, contrary to the VOP court's assertion in its Rule 1925(a) opinion that Appellant's failure to request a PSI report was a factor to consider in determining whether it abused its discretion, neither the text of Rule 702, nor, to our knowledge, any existing case law addressing Rule 702, places a burden on a defendant to request a PSI report. Thus, we conclude that the VOP court did not comply with the technical requirements of Rule 702(A)(2).

Second, although "technical noncompliance with the requirements of Rule 702(A)(2) might be rendered harmless had the court elicited sufficient information during the colloquy to substitute for a PSI report," that was not the case here. *Flowers*, 950 A.2d at 333. In its Rule 1925(a) opinion, the

VOP court stated that it reviewed "all of the information contained in the court file," but then only proceeded to discuss certain parts of the file, with virtually no discussion of how that information served as an adequate substitute for a PSI report. VCO at 8. The VOP court first indicated that it reviewed the record regarding the prior offense; however, apart from expressing outrage regarding Appellant's prior sentence given the facts of record, the court did not discuss "circumstances surrounding" that offense that were "not limited to aspects developed for the record as part of the determination of guilt…." **Goggins**, 748 A.2d at 728. Such information might have been obtained through the review of the original PSI report, but there is nothing in the record of the sentencing hearing, or in the VOP court's Rule 1925(a) opinion, indicating that the court reviewed the PSI report from the home-invasion case.[1]

The VOP court also stated that it reviewed a summary form provided by the probation department, as well as the probation officer's recommendation. VCO at 8. The VOP court does not elaborate on what information it gleaned from the summary form, much less how that information supplanted the information that would typically be provided by a PSI report as detailed in **Goggins**. Furthermore, Appellant's probation officer recommended a sentence of 2½-5 years' incarceration, and 5 years' consecutive probation

---

[1] The VOP court also sentenced Appellant in the homicide-by-vehicle case, but did not order a PSI report, as Appellant had entered a guilty plea to a negotiated sentence.

(both consecutive to Appellant's sentence for the new offense). N.T., 9/18/20, at 15.[2] While the VOP court had no obligation to impose the recommended sentence, the court stated that it relied on that recommendation, at least in part, in crafting Appellant's sentenced. However, the court offered no insight into why it essentially rejected the probation officer's input by imposing a sentence that nearly doubled the recommended sentence.

The VOP court further indicated that, in crafting Appellant's sentence, it relied on victim impact statements, statements from Appellant's friends and family, as well as Appellant's statement during allocution. However, the court did not summarize the content of these statements or make any credibility determinations on the record regarding any factual statements contained therein. Consequently, the VOP court failed to explain how any of these statements, individually or collectively, supplanted the essential elements that are contained in a PSI report as enumerated in **Goggins**.

In sum, the VOP court failed to meet the technical requirements for dispensing with a PSI report under Rule 702. Additionally, the record from the sentencing hearing, in conjunction with the VOP court's Rule 1925(a) opinion, does not demonstrate that the court's failure to meet those technical requirements was harmless error. Therefore, we conclude that Appellant's sentence constituted an abuse of the court's discretion. **See Flowers**, 950 A.2d at 334 (holding that a VOP court's failure to order a PSI report under

_____

[2] The Commonwealth agreed with the probation officer's recommendation. **Id.**

Rule 702 constituted an abuse of discretion where the court did not state on the record its reasons for that omission, where the defendant was exposed to a sentence of greater than one year of incarceration, and where the record offered "no effective substitute for a PSI report"). Accordingly, we vacate Appellant's sentence and remand for resentencing consistent with this memorandum.

Given our disposition with respect to Appellant's first issue, we decline to reach the second question presented for our review, as we have already determined that resentencing is warranted under the circumstances of this case.

Judgment of sentence **vacated**. Case **remanded** for resentencing. Jurisdiction **relinquished**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/21